```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF GEORGIA
                          ATHENS DIVISION
```

MUSIC SALES CORP., et al.,         *

      Plaintiffs,                  *

vs.                                *
                                 CASE NO. 3:04-CV-38(CDL)

BROWN BROADCASTING              *
SYSTEM, INC.,
                              *

      Defendant.                   *

## O R D E R

Before the Court is Plaintiffs' Motion for Entry of Default Judgment on their Complaint for copyright infringement against Defendant Brown Broadcasting System, Inc. On December 2, 2004, the Clerk of Court granted Plaintiffs' Request for Entry of Default against Defendant for its failure to answer or otherwise respond to Plaintiffs' Complaint.

The Court finds that Plaintiffs' allegations of willful copyright infringement are well-pleaded and that Plaintiffs are entitled to entry of default judgment for willful copyright infringement against Defendant.

The Court also finds that Plaintiffs are entitled to permanent injunctive relief enjoining Defendant and its employees from performing any and all copyrighted musical compositions held in the ASCAP repertory. In cases involving copyright infringement of

musical compositions, an injunction prohibiting further acts of infringement is appropriate where the Defendant "exhibits an unfortunate tendency to ignore, from time to time, both ASCAP and the Plaintiffs' proprietary rights," and where there exists a substantial likelihood of future infringements. *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1295 (D.N.H. 1982); *see also International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 658 (N.D. Ill. 1987), *aff'd*, 855 F.2d 375 (7th Cir. 1988).

Accordingly, Defendant and all persons acting under the direction, control, permission or authority of Defendant are hereby permanently enjoined and restrained from publicly performing any and all copyrighted musical compositions in the ASCAP repertory and from causing or permitting said compositions to be broadcast over defendant's radio station WBKZ in Jefferson Georgia, which is owned, controlled and operated by Defendant.

Plaintiffs also seek statutory damages under the Copyright Act as compensation for Defendant's willful infringement. 17 U.S.C. § 504(c)(1). Under the Act, Plaintiffs may elect to receive not less than $750.00 or more than $150,000.00 for each infringement instead of actual damages or profits. In interpreting 17 U.S.C. § 504(c)(1), courts have held that the statute vests the trial court with wide discretion to set damages within the statutory limits. Factors to be considered include: "(1) the expenses saved and profits reaped by the defendant in connection with the

infringements; (2) the revenues lost by the plaintiffs as a result of the defendant's conduct; and (3) the infringers' state of mind - whether willful, knowing or merely innocent." *Nick-O-Val Music Company v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 829 (M.D. Fla. 1987); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 914 (D. Conn. 1980).

Furthermore, as the Supreme Court stated in *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952), one of the principals to be vindicated in awarding statutory damages is the deterrence of wrongful conduct:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

*Id.* at 233.

Accordingly, Plaintiffs are awarded statutory damages of $5,000 per count for each of the four counts of infringement alleged in the complaint, or $20,000, plus interest from the date of judgment.

In addition, the Copyright Act provides that the Court in its discretion may award to Plaintiffs the costs and reasonable attorneys' fees which they incurred in a copyright infringement action:

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Moreover, as the Fifth Circuit stated in *Micromanipulator Co., Inc. v. Bough*, 779 F.2d 225, 259 (5th Cir. 1985), "[a]lthough attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." Plaintiffs seek attorneys' fees in the amount of $9,220.40, and costs consisting of filing fees, process server fees, telephone expenses and photocopying totaling $501.60. The Court finds these fees and costs to be reasonable; therefore, Plaintiffs are awarded attorneys' fees in the amount of $9,220.40, plus costs in the amount of $501.60.

There being no issues left for resolution by this Court, the Clerk of Court is hereby directed to enter a final judgment in accordance with this Order.

IT IS SO ORDERED, this 5th day of May, 2005.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE